HIGGINBOTHAM, J.
1 ^Plaintiff-appellant, Trevor Holmes, is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC). Holmes filed a petition for judicial review in the Nineteenth Judicial District Court, seeking review of DPSC’s final administrative decision rendered under the Corrections Administrative Remedy Procedure Act. Holmes challenged DPSC’s computation of his parole eligibility date. The district court affirmed the DPSC decision. For the following reasons, we affirm the district court judgment.
BACKGROUND
The district court commissioner ordered DPSC to file supplemental documentation *763 in the administrative record that indicated Holmes was convicted of manslaughter and attempted manslaughter on February 12, 1998.[1] Holmes was sentenced to serve 40 years at hard labor for manslaughter and 20 years at hard labor for attempted manslaughter, to be served concurrently. This court affirmed Holmes’s convictions and sentences in his criminal appeal. State v. Holmes, 99-0631 (La.App. 1st Cir.2/18/00), 754 So.2d 1132, 1133, writ denied, 788 So.2d 440 (La.2001).
DPSC calculated Holmes’s parole eligibility based on the amended provisions of La. R.S. 15:574.4(B), effective January 1, 1997, which requires that inmates convicted of a crime of violence serve 85% of their sentence prior to being deemed parole eligible.[2] Holmes maintains that his offenses were committed on December 4, 1995, which was prior to the effective date of the referenced statute, and therefore, DPSC’s application of the 85% provision to his parole eligibility [¡¡constituted an ex post facto application of the law in violation of his constitutional rights. Additionally, Holmes argues .that DPSC’s application of the 85% provision to his parole eligibility is contrary to this court’s ruling concerning his application for a supervisory writ of review in his criminal case, involving the district court’s denial of his motion to correct an illegal sentence. See State v. Holmes, 2011-0951 (La.App. 1st Cir.8/22/11) (unpublished writ action).
Following an October 8, 2010 hearing, the commissioner issued a recommendation that DPSC’s final administrative decision be affirmed, reasoning that Holmes was convicted after the effective date of the pertinent statutory provisions, which specifically provided that the 85% provision only applied to persons convicted of offenses on or after January 1, 1997.[3] The commissioner also noted that a change in the law affecting an inmate’s parole eligibility does not violate the prohibition against ex post facto laws, because the amended statute did not alter the definition of criminal conduct nor increase the penalty, citing State ex rel. Olivieri v. State, 2000-0172 (La.2/21/01), 779 So.2d 735, 744, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001), and Williams v. Creed, 2007-0614 (La.App. 1st Cir.12/21/07), 978 So.2d 419, 423-24, writ denied, 2008-0433 (La.10/2/09), 18 So.3d 111.
After conducting a de novo review, the district court adopted the commissioner’s recommendation as its reasons for its July 2, 2011 judgment, affirming DPSC’s final administrative decision and dismissing Holmes’s petition with prejudice and at his cost. Holmes appeals the district court’s judgment, still maintaining his ex post fac- *764 to claim and contending that the district court’s [ Judgment is contrary to this court’s ruling in his criminal case. We disagree with Holmes’s position.
ANALYSIS
At the outset, we note that our August 22, 2011 criminal writ action occurred after the district court’s July 2, 2011 judgment in this civil matter. In the criminal matter, we granted a supervisory writ of review concerning the district court’s denial of Holmes’s motion to correct an illegal sentence. In that criminal writ proceeding, we merely amended the district court’s illegally restrictive sentences and, because we found that the district court’s sentencing error was non-discretionary, we removed the reference to Holmes’s parole eligibility in his sentences. We followed well-established jurisprudence, holding that parole eligibility is to be determined by DPSC pursuant to the directives of La. R.S. 15:574.4, not by the district court. See St. Amant v. 19th Judicial District Court, 94-0567 (La.9/3/96), 678 So.2d 536, enforcement granted, 94-0567 (La.6/27/97), 696 So.2d 984. See also, State v. Lanieu, 98-1260 (La.App. 1st Cir.4/1/99), 734 So.2d 89, 96, writ denied, 99-1259 (La.10/8/99), 750 So.2d 962, and State v. Miller, 96-2040 (La.App. 1st Cir.11/7/97), 703 So.2d 698, 701, writ denied, 98-0039 (La.5/15/98), 719 So.2d 459. The criminal writ proceeding has no bearing on our ruling in this civil appeal, which involves the separate and distinct matter of whether DPSC correctly applied La. R.S. 15:574.4 to calculate Holmes’s parole eligibility in its final administrative decision. It is important to note that parole eligibility and eligibility for parole consideration are distinct and different matters. Bosworth v. Whitley, 627 So.2d 629, 631 (La.1993). See also Lay v. Louisiana Dept. of Correction-Stalder ex rel. Ieyoub, 98-0592 (La.App. 1st Cir.4/1/99), 734 So.2d 782, 785, writ denied, 99-1173 (La.9/17/99), 747 So.2d 1102.
|sAs for the ex post facto claim, Holmes relies on our decision in Lanieu, 734 So.2d at 96. He argues that under Lanieu, application of the 85% provision to his offenses, which were committed prior to the effective date of the 1995 amendment of La. R.S. 15:574.4(B), exposed him to additional penalties for his criminal conduct in violation of the constitutional prohibitions against ex post facto laws. However, we agree with the commissioner’s reasoning and point out that the Louisiana Supreme Court narrowed the focus of ex post facto analysis in the Olivieri case, which was decided after the now out-dated Lanieu. While the supreme court recognized that, in previous ex post facto analysis, Louisiana jurisprudence had broadly focused on whether the change in a law operated to the disadvantage of an accused, the Olivieri, court adopted the federal approach to ex post facto analysis, focusing on whether the change in the law altered the definition of criminal conduct or increased the penalty by which the crime was punishable. Olivieri, 779 So.2d at 743-44; Williams, 978 So.2d at 423. Thus, the relevant inquiry is not whether a subsequent change in the law operated to an inmate’s disadvantage or impacted an inmate’s parole eligibility, but whether the change in the law altered the definition of criminal conduct or increased a criminal penalty. Olivieri,, 779 So.2d at 743-44. Because the 1995 amendment of La. R.S. 15:574.4(B) merely affected Holmes’s parole eligibility calculations, and did not expose him to additional penalties for his criminal conduct or alter the definition of the criminal conduct, we find that there was no ex post facto violation.
CONCLUSION
After an extensive review of the entire record, we agree with the district court’s *765 judgment upholding DPSC’s decision and dismissing Holmes’s petition. The 85% provision in La. R.S. 15:574.4(B) became effective before Holmes was convicted. Furthermore, changes in parole eligibility calculations in the amended statute do not alter the definition of criminal conduct or increase the penalty by [ fiwhich the crime was punishable. Consequently, DPSC’s application of the 85% provision to Holmes’s parole eligibility does not implicate ex post facto restrictions. Thus, Holmes’s contention that DPSC has improperly calculated his parole eligibility date is without merit. Therefore, we affirm the judgment of the district court. All costs of this appeal are assessed to plaintiff-appellant, Trevor Holmes.
AFFIRMED.

. The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5).

. Manslaughter and attempted manslaughter are crimes of violence. See La. R.S. 14:2(B)(4).

. Louisiana Revised Statute 15:574.4(B) was amended and reenacted by 1995 La. Acts, No. 1099, § 1, effective January 1, 1997. Section 3 of Act 1099 specifically states that the "provisions of this Act shall apply only to persons convicted of offenses on or after the effective date of this Act.” (Emphasis added.) The focus of Section 3 is on the date of conviction, not the date the offenses were committed. If the legislature had intended for the date of the offense to trigger whether Act 1099 applied, it could have easily provided that the Act would apply only to persons convicted of offenses committed on or after the effective date of the Act.