NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1042

GARY JAMERSON

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment rendered: **MAR 1 0 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C675830, Sec. 24

The Honorable R. Michael Caldwell, Judge Presiding

* * * * *

Gary Jamerson
Rayburn Correctional Center
Angie, Louisiana

Plaintiff/Appellant
In Proper Person


Debra A. Rutledge
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

An inmate in the custody of the Department of Public Safety and Corrections (Department) at Rayburn Correctional Center challenges a district court judgment dismissing his petition for judicial review. For the following reasons, we affirm the district court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

The plaintiff, Gary Jamerson, is an inmate sentenced to the custody of the Department. On June 26, 2000, the plaintiff was convicted of the crime of forcible rape,[1] a violation of La. R.S. 14:42.1, and sentenced to forty years. The sentencing court ordered that two years of the plaintiff's sentence be served without benefit of probation, parole, or suspension of sentence. The Department calculated the plaintiff's parole eligibility based on the amended provisions of La. R.S. 15:574.4(B), effective January 1, 1997, which required that inmates convicted of a crime of violence serve eighty-five percent of their sentence prior to being deemed parole eligible.[2] See **Holmes v. Louisiana Dept. of Public Safety and Corrections**, 2011-2221 (La. App. 1 Cir. 6/8/12), 93 So.3d 761, 763, writ denied, 2012-1788 (La. 12/14/12), 104 So.3d 436.

On August 21, 2018, the plaintiff filed an Administrative Remedy Procedure complaint, which was assigned Case Number No. RCC-2018-638, seeking to have his sentence reviewed in accordance with La. R.S. 15:1171, *et seq.* In his complaint, the plaintiff requested that his master prison record be amended because he was allegedly eligible for parole consideration on or before January 31, 2020.[3] The plaintiff further argued in his complaint that Department's regulation IS-B-5,

---

[1] The crime of forcible rape was renamed second degree rape by 2015 La. Acts, Nos. 184 and 256, §§ 1, effective August 1, 2015.

[2] At the time the plaintiff was convicted, forcible rape was a crime of violence in accordance with La. R.S. 14:2.

[3] The plaintiff's master prisoner record reflects that he is eligible for parole on February 1, 2034.

2

otherwise known as regulation B-04-004(F), which required him to serve at least eighty-five percent of his sentence for a crime of violence, was unconstitutional and in excess of the statutory authority of the Department.

On September 12, 2018, the Department rejected the plaintiff's first request, stating, in pertinent part:

> In accordance with Act 790 and Department Regulation #IS-B-5, "Notwithstanding any other law to the contrary, unless eligible for parole at an earlier date, an offender sentenced for a term or terms of imprisonment with or without benefit of parole for 30 years or more shall be eligible for parole consideration upon serving at least 20 years in actual custody and upon reaching the age of 45 (Act No. 790 of the 1990 Regular Session). Note: Those offenders who committed a crime of violence on or after January 1, 1997, must also have served at least 85% of the sentence imposed". Your parole eligibility date of February 1, 2034, which was calculated under Act 790 at 85% is correct.

Subsequently, the plaintiff submitted a second request for administrative remedy. On October 14, 2018, the Department denied his second request.

On November 7, 2018, the plaintiff filed a petition for judicial review with the Nineteenth Judicial District Court and it was assigned to a commissioner for evaluation and to make a recommendation to the district court.[4] The Department filed an answer to the plaintiff's petition and attached the entire administrative record. The commissioner reviewed the record and determined that the plaintiff's request should be denied and that his petition for judicial review should be dismissed. On June 11, 2019, the plaintiff filed a traversal opposing the commissioner's recommendation. On June 13, 2019, after a *de novo* review of the record, the district court signed a judgment that adopted the commissioner's report,

---

[4] The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); **Abbott v. LeBlanc**, 2012-1476 (La. App. 1 Cir. 3/25/13), 115 So.3d 504, 505 n.1.

affirmed the Department's decision, and dismissed the plaintiff's claim with prejudice. From this judgment, the plaintiff appeals.

## STANDARD OF REVIEW

On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. **Williams v. Louisiana Department of Public Safety and Corrections**, 2018-0268 (La. App. 1 Cir. 9/21/18), 257 So.3d 690, 692-93. Therefore, we shall conduct a *de novo* review.

## DISCUSSION

In sum, the plaintiff argues on appeal that the Department improperly calculated his sentence to require that he remain incarcerated and ineligible for parole consideration until he serves eighty-five percent of his sentence due to his status as a violent offender. The district court's finding that the plaintiff's sentence was subject to the eighty-five percent rule was a reference to La. R.S. 15:574.4(B),[5] which requires that a person convicted of a crime of violence, and not otherwise ineligible for parole, shall serve at least eighty-five percent of the sentence imposed, before being eligible for parole. Once an inmate has fulfilled the terms of the sentence imposed by the district court, the Department determines whether the inmate is eligible to be considered for parole. **State v. Chiasson**, 2017-1195 (La. App. 1 Cir. 11/30/17), 2017 WL 5952331, at *1 (unpublished).

When the plaintiff was sentenced, La. R.S. 15:574.4 read as follows:

> B. ... a person convicted of a crime of violence and not otherwise ineligible for parole shall serve at least eighty-five percent of the sentence imposed, before being eligible for parole. The victim or

---

[5] See 1995 La. Acts, No. 1099, § 1, effective January 1, 1997.

4

victim's family shall be notified whenever the offender is to be released.

Generally, La. R.S. 15:574.4(B) denied parole eligibility to a person convicted of a crime of violence and not otherwise ineligible for parole unless he had served at least eighty-five percent of the sentence imposed. **Cole v. Louisiana Dept. of Public Safety and Corrections**, 2006-1955 (La. App. 1 Cir. 11/2/07), 2007 WL 3229141, at *3 (unpublished), writ denied, 2008-0365 (La. 10/31/08), 994. So.2d 530. Pursuant to La. R.S. 14:2, forcible rape is listed as a crime of violence. Thus, the commissioner's finding in accordance with La. R.S. 15:574.4(B) under the facts of this case does not constitute error. Therefore, we find that the district court was correct in determining that the plaintiff must serve at least eighty-five percent of his sentence for forcible rape, a crime of violence, before becoming eligible for parole consideration as mandated by La. R.S. 15:574.4. See **McLelland v. Goodwin**, 2012-1716 (La. App. 1 Cir. 4/26/13), 2013 WL 1791025, at *2 (unpublished). For these reasons, we conclude that the Department and the district court did not err in concluding that the plaintiff is ineligible for parole consideration.

## CONCLUSION

After a thorough review, we find that the record amply supports the district court's judgment, rendered in accordance with the recommendation of the commissioner. Accordingly, the district court's June 13, 2019 judgment, dismissing Gary Jamerson's petition for judicial review without prejudice, is affirmed. No costs are assessed in this pauper suit.

**AFFIRMED.**