STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 0600

LARRY ROBINSON

VERSUS

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, WARDEN
TRAVIS DAY, ASSISTANT WARDEN, KARLA WHEAT AND MS.
CAROLYN THOMAS

**Judgment Rendered:** **NOV 0 9 2023**

* * * * * *

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C723455

Honorable Trudy M. White, Judge Presiding

* * * * * *

Larry Robinson                          Plaintiff/Appellant
Angie, LA                               In Proper Person


Debra A. Rutledge                       Counsel for Defendant/Appellee
Baton Rouge, LA                         Louisiana Department of Public
                                        Safety and Corrections


* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**GUIDRY, C.J.**

Larry Robinson, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the Department"), appeals a judgment of the district court dismissing his petition for judicial review. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2017, the petitioner herein, Robinson, entered a plea of guilty to La. R.S. 14:42.1, forcible rape, and was sentenced to serve a period of 35 years at hard labor with two years of said sentence "served without benefits of probation, parole or suspension of sentence." Thereafter, on September 14, 2022, Robinson filed a grievance, Administrative Remedy Procedure #RCC-2022-172. In his complaint, Robinson challenged the Department's decision regarding his parole eligibility date. Robinson requested that his master prison record "reflect the terms of his plea bargain," which, according to Robinson, would make him eligible for parole after serving the first two years of his sentence.

After being denied the relief requested at the first and second steps, Robinson sought judicial review of the Department's decision in the Nineteenth Judicial District Court. The commissioner assigned to review the petition concluded that the parole eligibility date determined by the Department was correct. The commissioner recommended that Robinson's petition be dismissed. The district court, thereafter, rendered a judgment in favor of the Department, dismissing Robinson's petition for judicial review with prejudice. Robinson now appeals and asserts that the district court erred in "not considering the phrasing of the court's sentencing minutes as proof of a binding contract between the State and the Plaintiff."

2

## DISCUSSION

As provided for in the Louisiana Corrections Administrative Procedure Act, an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. The review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may reverse or modify the agency decision "only if substantial rights of the appellant have been prejudiced" because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9). On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to the factual findings or legal conclusions of the court of appeal. Grimes v. Louisiana Department of Public Safety and Corrections, 20-0089, p. 5 (La. App. 1st Cir. 11/12/20), 316 So. 3d 35, 38.

At the time the offense herein was committed, La. R.S. 14:42.1 provided in part: "At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence." Accordingly, at the time of Robinson's sentencing, and as reflected in the transcript, the court stated, "[H]aving entered a plea of guilty to R.S. 14:42.1 FORCIBLE RAPE, [the] Court at this time sentences the defendant to serve a period of THIRTY-FIVE (35)

3

YEARS at hard labor ... TWO (2) YEARS of said sentence is to be served without benefits of probation, parole or suspension of sentence." Because the district court sentenced Robinson to two years without the benefit of probation, parole, or the suspension of his sentence, Robinson contends that he should be eligible for parole once he has served two years of his sentence. What Robinson fails to recognize, however, is that our courts have distinguished between parole eligibility and eligibility for parole consideration. The two are distinct and different matters. Parole eligibility is determined by the sentence. Eligibility for parole consideration, however, is dependent upon meeting certain criteria and conditions specified by statute. See Bosworth v. Whitley, 627 So. 2d 629, 631 (La. 1993). It is clear that an inmate who has parole eligibility set forth under his sentence may not be eligible for parole consideration under statutory law. See Lay v. Louisiana Department of Correction-Stalder ex rel. Ieyoub, 98-0592, p. 4 (La. App. 1st Cir. 4/1/99), 734 So. 2d 782, 785, writ denied, 99-1173 (La. 9/17/99), 747 So. 2d 1102. The Department determines parole eligibility pursuant to the directives of La. R.S. 15:574.4. See Holmes v. Louisiana Department of Public Safety and Corrections, 11-2221, p. 4 (La. App. 1st Cir. 6/8/12), 93 So. 3d 761, 764, writ denied, 12-1788 (La. 12/14/12), 104 So. 3d 436; see also State v. Simmons, 20-0695, p. 5 (La. App. 1st Cir. 6/4/21), 327 So. 3d 542, 545 n.5. (observing that in determining parole eligibility dates, the Department looks to the applicable statutory criteria set out in La. R.S. 15:574.4, and administers these standards and criteria by applying them, as well as other relevant statutes and interpretative jurisprudence, to determine whether or not a particular inmate is parole eligible, i.e., eligible for parole consideration by the board).

Contrary to Robinson's contentions, nothing about his imposed sentence establishes his eligibility for parole consideration. Such a determination is the sole function of the Department and stems from La. R.S. 15:574.4 rather than the

4

forcible rape statute. As expressed by the commissioner, Robinson failed to offer any evidence that he became eligible for parole consideration after serving only the first two years of his sentence. We find no error in the district court's ruling. The Department's determination regarding the petitioner's parole eligibility date was neither arbitrary or capricious, nor in violation of any constitutional or statutory provision.

## CONCLUSION

For the above and foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed to the plaintiff/appellant, Larry Robinson.

**AFFIRMED.**