# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 1097

### FREDERICK CAMPBELL

### VERSUS

### LOUISIANA DEPARTMENT OF
PUBLIC SAFETY & CORRECTIONS

Judgment Rendered: __APR 1 9 2024__

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 725403

Honorable Wilson E. Fields, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Frederick Campbell<br>Angie, Louisiana | Plaintiff/Appellant<br>Pro Se |
| Jonathan R. Vining<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety & Corrections |

\* \* \* \* \* \*

**BEFORE: McCLENDON, HESTER, AND MILLER, JJ.**

**McCLENDON, J.**

Appellant, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals the portion of the trial court's judgment affirming DPSC's decision finding him ineligible for parole. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant herein, Frederick Campbell, was previously convicted of felony carnal knowledge of a juvenile in violation of LSA-R.S. 14:80.[1] As a habitual offender, Mr. Campbell was sentenced to twenty years imprisonment on March 18, 2010.

On July 14, 2022, Mr. Campbell filed a grievance pursuant to the Louisiana Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1171, *et seq.* Mr. Campbell's grievance was designated as Administrative Remedy Procedure (ARP) Number RCC-2022-317. Therein, Mr. Campbell argued DPSC was improperly denying him parole and Certified Treatment & Rehabilitation Program (CTRP) credits. Mr. Campbell argued that although the original minute entry from his sentencing indicated he was ineligible for parole, the trial court amended the minute entry pursuant to a motion for clarification of sentence and deleted the language denying parole on July 19, 2018, which rendered him "parole eligible[.]" Mr. Campbell further argued he was entitled to parole and CTRP credits under LSA-R.S. 15:574.4 as amended by Act 280 of the 2017 Regular Legislative Session (Act 280).[2]

DPSC rejected Mr. Campbell's arguments at both steps of its administrative procedure. DPSC's first step response to Mr. Campbell's ARP stated that as an "offender class 5 serving on a sex offense listed on [LSA-]R.S. 15:541", Mr. Campbell was not eligible for parole because of his offender class, and he was not eligible for CTRP credits because his offense was a sex offense. Thus, DPSC concluded that Mr. Campbell's

---

[1] Felony carnal knowledge of a juvenile in violation of LSA-R.S. 14:80 is presently included in the definition of "sex offense" as defined by LSA-R.S. 15:541(24)(a). It was added to the definition by Act 816 of the 2008 Regular Session, effective August 15, 2008.

[2] Act 280 amended numerous statutes. **Tarver v. Louisiana Department of Public Safety & Corrections**, 2020-1126 (La.App. 1 Cir. 5/12/21), 326 So.3d 297, 301, n.6. In this report, we are only concerned with the amendments to LSA-R.S. 15:574.4.

2

complaint was without merit and denied his ARP. DPSC's second step response determined that Mr. Campbell's "request was adequately addressed at the first step."

After DPSC rejected Mr. Campbell's second request, he filed a petition for judicial review of DPSC's decision in the Nineteenth Judicial District Court on November 4, 2022. DPSC answered Mr. Campbell's petition, denying that Mr. Campbell was eligible for parole under Act 280. Mr. Campbell's petition for judicial review was assigned to a Commissioner for evaluation.[3] The Commissioner issued a report recommending the trial court affirm DPSC's decision finding Mr. Campbell ineligible for parole and reverse DPSC's decision finding Mr. Campbell ineligible for CTRP credits. Mr. Campbell traversed the Commissioner's report.

The trial court signed a judgment adopting the Commissioner's report on May 22, 2023. It is from this decision that Mr. Campbell appeals, *in forma pauperis*. In a single assignment of error, Mr. Campbell argues the trial court "erred in holding that [he] is not eligible for parole consideration after serving 25% of the imposed sentence in accordance with Act 280 of the 2017 Regular Legislative Session."[4]

## STANDARD OF REVIEW

An offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the 19th JDC. LSA-R.S. 15:1177; **Englade v. Louisiana Department of Corrections**, 2021-0132 (La.App. 1 Cir. 12/30/21), 340 So.3d 952, 956, writ denied, 2022-00209 (La. 4/12/22), 336 So.3d 82. Louisiana Revised Statutes 15:1177 sets forth the appropriate standard of review by the trial court, which functions as an appellate court when reviewing DPSC's administrative decisions. **Marchand v. Louisiana Department of Public Safety and Corrections**, 2020-0747 (La.App. 1 Cir. 2/24/21), 322 So.3d 269, 272, writ denied, 2021-00457 (La. 9/27/21), 324 So.3d 104.

---

[3] The office of Commissioner of the 19th JDC was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. **Englade v. Louisiana Department of Corrections**, 2021-0132 (La.App. 1 Cir. 12/30/21), 340 So.3d 952, 956-57, writ denied, 2022-00209 (La. 4/12/22), 336 So.3d 82. The Commissioner's written findings and recommendations are submitted to the trial court judge, who may accept, reject, or modify them. LSA-R.S. 13:713(C)(5); **Englade**, 340 So.3d at 957.

[4] DPSC has not answered the appeal. Accordingly, the issue of Mr. Campbell's eligibility for CTRP credits is not before this court on appeal.

Judicial review is mandated to be conducted by the trial court without a jury and must be confined to the record. LSA-R.S. 15:1177(A)(5). Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9); **Marchand**, 322 So.3d at 272-73. On review of the trial court's judgment under LSA-R.S. 15:1177, the appellate court reviews the administrative record *de novo*, owing no deference to the factual findings or legal conclusions of the trial court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. **Marchand**, 322 So.3d at 273.

## DISCUSSION

As set forth above, Mr. Campbell's master prison record reflects that on March 18, 2010, Mr. Campbell was sentenced to twenty years imprisonment for felony carnal knowledge of a juvenile in violation of LSA-R.S. 14:80. The master prison record further identifies Mr. Campbell as belonging to "Offender Class: 05" and reflects that he is not eligible for parole. On appeal, Mr. Campbell claims that he "is and has been parole eligible since the inception of Act 280 of the 2017 Regular Session." We disagree.

We first address Mr. Campbell's argument that the trial court's amendment of the minute entry to delete the language denying him parole rendered him eligible for parole. Well-established jurisprudence holds that parole eligibility is to be determined by DPSC pursuant to the directives of LSA-R.S. 15:574.4, not by the trial court. **Holmes v. Louisiana Department of Public Safety and Corrections**, 2011-2221 (La.App. 1 Cir. 6/8/12), 93 So.3d 761, 764, writ denied, 2012-1788 (La. 12/14/12), 104 So.3d 436. Generally, DPSC administers the standards governing parole eligibility and determines whether a particular inmate is eligible for parole consideration by the Board of Parole. In determining parole eligibility dates, DPSC looks to the applicable statutory criteria set out in LSA-R.S. 15:574.4, and "administers these standards and criteria by applying them, as

4

well as other relevant statutes and interpretative jurisprudence, to determine whether or not a particular inmate is parole eligible, *i.e.*, eligible for parole consideration by the board." **State v. Simmons**, 2020-0695 (La.App. 1 Cir. 6/4/21), 327 So.3d 542, 545, n.5. Accordingly, Mr. Campbell's argument that the trial court's amended minute entry determines his parole eligibility fails.

We next consider Mr. Campbell's argument that he is entitled to parole pursuant to LSA-R.S. 15:574.4, as amended by Act 280. We begin by pointing out that, generally, parole eligibility is governed by the date of commission of the offense.[5] LSA-R.S. 15:574.4, *et seq.*; **Cuza v. Louisiana Department of Public Safety and Corrections**, 2022-1286 (La.App. 1 Cir. 6/20/23), 2023 WL 4067498, *3 (unpublished), citing **Tarver v. Louisiana Department of Public Safety and Corrections**, 2020-1126 (La.App. 1 Cir. 5/12/21), 326 So.3d 297, 303; **Brumfield v. Louisiana Department of Public Safety & Corrections**, 2022-0869 (La.App. 1 Cir. 12/22/22), 358 So.3d 70, 74. The record indicates that Mr. Campbell committed the offense of felony carnal knowledge of a juvenile on December 10, 2005, and that he was a fifth-time felony offender. On December 10, 2005, and until Act 280 became effective on November 1, 2017, LSA-R.S. 15:574.4(A)(1) provided that a person convicted of a third or subsequent felony offense "shall not be eligible for parole." See **State v. Lowery**, 33,584 (La.App. 2 Cir. 6/21/00), 765 So.2d 460, 464, n.3; **State v. Parker**, 2017-1263 (La.App. 1 Cir. 12/4/17), 2017 WL 6021431, writ not considered, 2018-0483 (La. 5/11/18), 241 So.3d 1017. Thus, under the general rule that parole eligibility is governed by the date of commission of the offense, as a fifth-time felony offender, Mr. Campbell would have been ineligible for parole pursuant to the law in effect at the time he committed the instant offense.

---

[5] Mr. Campbell does not mention or dispute the accuracy of the master prison record on appeal; Mr. Campbell admits in his brief that he committed the offense of carnal knowledge of a juvenile "on or about December 10, 2005"; and Mr. Campbell also admits in his brief that "at the time of conviction, Mr. Campbell was a third or higher felony offender." Thus, the basis for remand that existed in **Cuza v. Louisiana Department of Public Safety & Corrections**, 2022-1286 (La.App. 1 Cir. 6/20/23), 2023 WL 4067498 (unpublished), does not exist in this matter.

5

Further, Mr. Campbell is ineligible for parole under the plain language of LSA-R.S. 15:574.4(A)(1)(a) in effect following the enactment of Act 280. As amended by Act 280, LSA-R.S. 15:574.4(A)(1)(a) provided as follows:

Unless eligible at an earlier date, a person otherwise eligible for parole shall be eligible for parole consideration upon serving twenty-five percent of the sentence imposed. The provisions of this Subparagraph shall not apply to any person whose instant offense is a crime of violence as defined in R.S. 14:2(B), a sex offense as defined in R.S. 15:541, or any offense which would constitute a crime of violence as defined in R.S. 14:2(B) or a sex offense as defined in R.S. 15:541, regardless of the date of conviction. Notwithstanding any provisions of law to the contrary, the provisions of this Subparagraph shall be applicable to persons convicted of offenses prior to and on or after November 1, 2017.

Subsequently, Act 463 of the 2023 Regular Session amended LSA-R.S. 15:574.4(A)(1)(a) effective August 1, 2023 (Act 463). Pertinent to this appeal, Act 463 expanded the list of offenders excluded from the provisions of the subparagraph to include those "whose instant offense is a fourth or subsequent conviction of a nonviolent felony offense," but did not otherwise amend LSA-R.S. 15:574.4(A)(1)(a).[6]

Mr. Campbell argues he is entitled to the benefit of Act 280 because the instant offense, felony carnal knowledge of a juvenile in violation of LSA-R.S. 14:80, was not classified as a sex offense pursuant to LSA-R.S. 15:541 at the time of commission on December 10, 2005. Upon review of the legislative history, it appears that Mr. Campbell is correct that felony carnal knowledge of a juvenile was not set forth as a sex offense until 2008.[7] Nevertheless, Mr. Campbell's argument fails.

Act 280 constituted a substantive amendment to the law governing the amount of time offenders are required to serve prior to being eligible for parole. See **Brumfield**, 358 So.3d at 75. In the absence of contrary legislative expression, substantive laws apply

---

[6] In its present form, LSA-R.S. 15:574.4(A)(1)(a) provides:

A. (1)(a) Unless eligible at an earlier date, a person otherwise eligible for parole shall be eligible for parole consideration upon serving twenty-five percent of the sentence imposed. The provisions of this Subparagraph shall not apply to any person whose instant offense is a crime of violence as defined in R.S. 14:2(B), a sex offense as defined in R.S. 15:541, or any offense which would constitute a crime of violence as defined in R.S. 14:2(B) or a sex offense as defined in R.S. 15:541, or whose instant offense is a fourth or subsequent conviction of a nonviolent felony offense, regardless of the date of conviction. Notwithstanding any provisions of law to the contrary, the provisions of this Subparagraph shall be applicable to persons convicted of offenses prior to and on or after November 1, 2017.

[7] See Act 816 of the 2008 Regular Legislative Session, effective August 15, 2008, which amended and re-enacted LSA-R.S. 15:541(14.1) to define the term "sex offense" to include felony carnal knowledge of a juvenile, in violation of LSA-R.S. 14:80.

prospectively only. See LSA-C.C. art. 6; **Brumfield**, 358 So.3d at 75. Additionally, no section of the Revised Statutes is retroactive unless it is expressly so stated. LSA-R.S. 1:2. Thus, it is critical to the issue before us on appeal to determine whether LSA-R.S. 15:574.4(A)(1)(a), as amended by Act 280, explicitly provides for retroactive application of the substantive changes to parole eligibility contained therein. In this regard, we note that the second sentence of LSA-R.S. 15:574.4(A)(1)(a) precludes the application of the subparagraph to "any person whose instant offense is . . . a sex offense as defined in R.S. 15:541, or any offense which would constitute . . . a sex offense as defined in R.S. 15:541, **regardless of the date of conviction**." (Emphasis added). Further, the third sentence of LSA-R.S. 15:574.4(A)(1)(a) explicitly provides, "[n]otwithstanding any provisions of law to the contrary, the provisions of this Subparagraph **shall be applicable to persons convicted of offenses prior to and on or after November 1, 2017**." (Emphasis added). Moreover, as noted above, although LSA-R.S. 15:574.4(A)(1)(a) was subsequently amended by Act 463, Act 463 maintained the language regarding retroactive application of the substantive changes made to parole eligibility.

Further, the plain language of LSA-R.S. 15:574.4(A)(1)(a), as amended by Act 280 and Act 463, not only explicitly directs retroactive application of the statute, but also expressly references "a sex offense as defined in R.S. 15:541," and "any" offense which would constitute "a sex offense as defined in R.S. 15:541," **"regardless of the date of conviction**." (Emphasis added). As stated in the Commissioner's report:

> In other words, while not a defined sex offense when committed in 2005, carnal knowledge of a juvenile (R.S. 14:80) was a defined sex offense under R.S. 15:541 as of the effective date of Act 280. Therefore, [Mr. Campbell] is not eligible for parole consideration under Act 280[,] nor is he eligible for parole consideration under the old provisions of R.S. 15:574.4 as a fifth felony offender.

Had the legislature intended for the version of LSA-R.S. 15:541 in effect at the time an offense was committed to apply, it would have expressly stated so. Thus, Mr. Campbell is ineligible for parole under the plain language of LSA-R.S. 15:574.4(A)(1)(a) as amended by Act 280 and Act 463.

7

## CONCLUSION

For the foregoing reasons, the May 22, 2023 judgment of the trial court is affirmed.

Costs of this appeal in the amount of $820.00 are assessed against Frederick Campbell.[8]

**AFFIRMED.**

---

[8] Although Mr. Campbell filed his petition for judicial review and his appeal *in forma pauperis*, because he was unsuccessful in obtaining the relief sought, costs may be assessed against him. See **Taplette v. Louisiana Department of Public Safety & Corrections**, 2020-0818 (La.App. 1 Cir. 2/22/21), 321 So.3d 425, 430 n.9, citing **Rochon v. Young**, 2008-1349 (La.App. 1 Cir. 2/13/09), 6 So.3d 890, 893 n.1, writ denied, 2009-0745 (La. 1/29/10), 25 So.3d 824.